**SIGNED THIS: November 22, 2006**

                **GERALD D. FINES**
       **UNITED STATES BANKRUPTCY JUDGE**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                               )
                                    )
MICHAEL A. SCHOLWIN and     ) Bankruptcy Case No. 05-92198
TARA L. SCHOLWIN,             )
                                    )
                    Debtor.      )

OPINION

      This matter having come before the Court for hearing on a Motion for Relief from the Automatic Stay and to Waive Ten-Day Stay Pursuant to Rule 4001(a)(3) filed by Creditor, Honor Finance, Response filed by the Debtors, and Reply of Honor Finance to Debtor's Response to Motion for Relief from the Automatic Stay; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

      The material facts in this matter are not in dispute, and are, in pertinent part, as follows:

      1.     The Debtors filed for relief under Chapter 13 of the Bankruptcy Code on June 20, 2005.

2. As a result of on-going objections to confirmation raised by the Internal Revenue Service, the Debtors were unable to confirm their original Chapter 13 plan, which was filed as a part of their petition on June 20, 2005.

3. In an effort to maintain the viability of the Debtor's Chapter 13 reorganization and to protect all creditors, a wage deduction was entered on September 9, 2005, directing the employer of Michael A. Scholwin, Old Dominion Freight Line, Inc., to begin deducting the monthly trustee payments from Michael A. Scholwin's income.

4. On October 13, 2005, in their continuing effort to resolve the objections of the Internal Revenue Service, the Debtors filed an Amended Chapter 13 Plan. At that time, the Internal Revenue Service was the only objecting creditor, and negotiations between the Debtors and the Internal Revenue Service were on-going.

5. On February 10, 2006, having successfully resolved the objections of the Internal Revenue Service, the Debtors filed a Second Amended Chapter 13 Plan, reflecting their agreement with the Internal Revenue Service, in addition to providing treatment for the Debtors' other creditors, including Honor Finance. The Debtors' Second Amended Chapter 13 Plan designated Honor Finance as a secured creditor which was to be paid the sum of $6,500, plus 8% interest, representing the value of the collateral of Honor Finance, a 1999 Ford Explorer.

6. In conjunction with the Debtors' Second Amended Chapter 13 Plan, a new wage deduction order was entered directing Michael A. Scholwin's employer, Old Dominion Freight Line, Inc., to deduct the sum of $340 per month from the Debtors' pay, and to forward that sum directly to the Trustee. This wage deduction order was subsequently amended by another order entered on February 15, 2006, increasing the amount to be deducted and paid to the Trustee to $365 per month.

7. On March 7, 2006, since no objections had been filed as to the Debtors' Second Amended Chapter 13 Plan, an order was entered confirming the Second Amended Chapter 13 Plan.

8. On May 12, 2006, Creditor, Honor Finance, filed the instant Motion for Relief from the Automatic Stay and to Waive Ten-Day Stay Pursuant to Rule 4001(a)(3), stating as a basis for the requested relief that no payments had been received by Honor Finance since the filing of the Debtors' Chapter 13 bankruptcy petition, and, as a result, Honor Finance lacked adequate protection pursuant to 11 U.S.C. § 362(d)(1).

9. On May 29, 2006, the Debtors filed a Response to the Motion of Honor Finance indicating that their confirmed Chapter 13 plan called for the Chapter 13 Trustee to make payments to Honor Finance and that the Debtors believed their payments to the Chapter 13 Trustee were current. Additionally, the Debtors indicated that Honor Finance was bound by the terms of their confirmed Chapter 13 Plan.

10. On June 8, 2006, Honor Finance filed a reply to the Debtors' Response indicating that, while it agreed that it was to receive payments from the Chapter 13 Trustee and that it was bound by the confirmed plan, it disputed that the Debtors were current in their payments to the Chapter 13 Trustee. In fact, at that point, the Chapter 13 Trustee's records indicated that only $710.89 had been received from the Debtors since the filing of their petition, and that, as a result, the Debtors' plan payments were in substantial arrears. The record of Debtors' Chapter 13 bankruptcy reflects that the arrearages noted in the reply of Honor Finance, filed on June 8, 2006, existed despite the fact that a valid wage deduction order had been in place since September 9, 2005.

11. On July 13, 2006, a preliminary hearing was held on the matters presently before the Court, and a final hearing was scheduled for September 14, 2006.

12. On September 13, 2006, in recognition of the arrearages in their Chapter 13 plan payments and the resulting arrearages in payments to Honor Finance, the Debtors filed a Motion to Amend Confirmed Chapter 13 Plan in which they sought to extend their confirmed Chapter 13 plan payments by 12 months in order to cure the defaults. The Debtors' Motion to Amend Confirmed Chapter 13 Plan indicated that the default was caused by the failure of Michael A.

3

Scholwin's employer to deduct payments and tender them to the Trustee, and further indicated that a wage deduction order was once again in place and that payments were being made.

13. On September 13, 2006, in conjunction with the Debtors' filing of their Motion to Amend Confirmed Chapter 13 Plan, the Court sent notice to all creditors which indicated that creditors had until October 3, 2006, to object to the proposed amendment and, further, that, absent objections, the amendment would be confirmed without further hearing.

14. On September 14, 2006, a hearing was held on the matters before the Court, and the record reflects that all matters were continued to November 9, 2006, pending the outcome of the Debtors' Motion to Amend Confirmed Chapter 13 Plan, which was out on objection notice until October 3, 2006. The record of hearing on September 14, 2006, additionally indicates that counsel for Honor Finance was in agreement with the continuance.

15. On October 18, 2006, there being no objections filed as to the Debtors' Motion to Amend Confirmed Chapter 13 Plan, an order was entered allowing said Motion, which effectively extended the Debtors' Chapter 13 plan for a period of time sufficient to resolve all payment arrearages.

16. At hearing on November 9, 2006, counsel for Honor Finance requested that stay relief be granted based upon the Debtors' failure to make all the payments required by their confirmed Chapter 13 plan. Debtors' counsel opposed the requested stay relief based upon the confirmation of Debtors' Second Amended Chapter 13 Plan and subsequent approval of the Debtors' Motion to Amend Confirmed Chapter 13 Plan without objection by Creditor, Honor Finance. The matter was taken under advisement pending a written ruling by the Court.

## Conclusions of Law

Although there is no dispute that Creditor, Honor Finance, has yet to receive payments on its secured claim as proposed under the Debtors' confirmed Second Amended Chapter 13 Plan and under Debtors' Motion to Amend Confirmed Chapter 13 Plan, the Court must conclude that the Debtors are not in default. Under the undisputed facts before the Court, it is clear that the

Debtors have done everything they can to fund their plan. The Debtors were under the honest impression that the wage deduction orders in place would be honored and that the Chapter 13 Trustee would receive timely plan payments. As such, the Court cannot, in equity, find the Debtors in default.

The record of Debtors' bankruptcy proceeding reveals that Creditor, Honor Finance, did not object to the confirmation of the Debtors' Second Amended Chapter 13 Plan, nor did it object to Debtors' Motion to Amend Confirmed Chapter 13 Plan. The Court finds that the treatment afforded Creditor, Honor Finance, provides adequate protection pursuant to 11 U.S.C. § 362(d)(1), and it is clear that the Debtors' Motion to Amend Confirmed Chapter 13 Plan was filed to ensure that the Debtors' plan would be funded to the extent necessary to pay the entire secured claim of Honor Finance, together with stated interest. For these reasons, the Court finds that the Motion for Relief from the Automatic Stay and to Waive Ten-Day Stay Pursuant to Rule 4001(a)(3), filed by Creditor, Honor Finance, must be denied.

###